**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

**JESSICA ROSEBERRY**
**519 N. 63rd Street**
**Philadelphia, PA 19151**
**Plaintiff,**

**v.** : **14-cv-2814**

City of Philadelphia
d/b/a Philadelphia Police Department
1515 Arch Street
Philadelphia, PA 19102

And

Charles Ramsey, individually and in his **:** NO.
official capacity as Commissioner of the
Philadelphia Police Department
One Franklin Square
Philadelphia, PA 19106

And

Sergeant T. McCoy, individually and in
his/her official capacity as Sergeant in the
Philadelphia Police Department
One Franklin Square
Philadelphia, PA 19106

And

Lieutenant Smith, badge #170, individually
and in his/her official capacity as Lieutenant
in the Philadelphia Police Department
One Franklin Square
Philadelphia, PA 19106
And

Sergeant Green, badge #777, individually
and in his/her official capacity as Sergeant
in the Philadelphia Police Department
One Franklin Square
Philadelphia, PA 19106

And :

Corporal Jackson, individually and in his/her official capacity as Corporal in the Philadelphia Police Department
One Franklin Square
Philadelphia, PA 19106 :

And :

Lieutenant Covington, individually and in his/her official capacity as Lieutenant in the Philadelphia Police Department
One Franklin Square
Philadelphia, PA 19106 :

And :

Sergeant Cook, individually and in his/her official capacity as Sergeant in the Philadelphia Police Department
One Franklin Square
Philadelphia, PA 19106 :

And :

Lieutenant Bride, individually and in his/her official capacity as Lieutenant in the Philadelphia Police Department
One Franklin Square
Philadelphia, PA 19106 :

And :

Corporal Brambrick, individually and in his/her official capacity as Corporal in the Philadelphia Police Department
One Franklin Square
Philadelphia, PA 19106 :

And :

Sergeant Miller, individually and in his/her official capacity as Sergeant in the Philadelphia Police Department :

One Franklin Square :
Philadelphia, PA 19106 :
:
And :
:
Captain Bellamy, individually and in his/her official capacity as Captain in the Philadelphia Police Department :
One Franklin Square :
Philadelphia, PA 19106 :
:
And :
:
Sergeant Washington, individually and in his/her official capacity as Sergeant in the Philadelphia Police Department :
One Franklin Square :
Philadelphia, PA 19106 :
:
Defendants. :

---

**ORDER**

**AND NOW**, this ____ day of _____________, 2014, upon consideration of Defendants, City of Philadelphia, et. al., MOTION TO DISMISS, and the response, it is ORDERED that Defendants' Motion is GRANTED and plaintiff's complaint is dismissed.

BY THE COURT:

________________________
J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JESSICA ROSEBERRY**<br>**519 N. 63rd Street**<br>**Philadelphia, PA 19151**<br>**Plaintiff,** | : | |
| **v.** | : | **14-cv-2814** |
| City of Philadelphia<br>d/b/a Philadelphia Police Department<br>1515 Arch Street<br>Philadelphia, PA 19102**,** et. al | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this ____ day of _____________, 2014, upon consideration of Defendants, City of Philadelphia, et. al., MOTION FOR SUMMARY JUDGMENT, and the response, it is ORDERED that Defendants' Motion is GRANTED and plaintiff's complaint is dismissed.

BY THE COURT:

_________________________

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JESSICA ROSEBERRY**<br>**519 N. 63rd Street**<br>**Philadelphia, PA 19151**<br>**Plaintiff,** | : | |
| **v.** | : | **14-cv-2814** |
| City of Philadelphia<br>d/b/a Philadelphia Police Department<br>1515 Arch Street<br>Philadelphia, PA 19102, et. al.<br><br>Defendants. | : | |

**ORDER**

**AND NOW**, this ____ day of _____________, 2014, upon consideration of Defendants, City of Philadelphia, et. al., MOTION FOR A STAY to allow defendants to move for an order enforcing the parties' settlement agreement, it is ORDERED that Defendants' Motion is GRANTED.

BY THE COURT:

_________________________

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JESSICA ROSEBERRY**<br>**519 N. 63rd Street**<br>**Philadelphia, PA 19151**<br>**Plaintiff,** | : | |
| **v.** | : | **14-cv-2814** |
| City of Philadelphia<br>d/b/a Philadelphia Police Department<br>1515 Arch Street<br>Philadelphia, PA 19102, et. al. | : | |
| Defendants. | : | |

**DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT AND MOTION FOR A STAY**

NOW COME Defendants, the City of Philadelphia, et. al., by and through their undersigned attorney, Joshua A. Brand, Esq., to move for an order dismissing plaintiff's complaint with prejudice. Defendants respectfully submit that such relief is warranted for the reasons set forth in the accompanying memorandum of law.

Respectfully submitted,

/s/ Joshua A. Brand
JOSHUA A. BRAND, ESQ.
Assistant City Solicitor

CITY OF PHILADELPHIA LAW DEPARTMENT
SHELLEY R. SMITH, City Solicitor
ELIZABETH MATTIONI, Chair, Litigation Group
SUZANNE REILLY, Chief Deputy City Solicitor

City of Philadelphia Law Department
Labor & Employment Unit

1515 Arch Street, 16th Floor
Philadelphia, PA 19102
(215) 683-5082
Joshua.brand@phila.gov

Dated: April 14, 2014

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JESSICA ROSEBERRY**<br>**519 N. 63rd Street**<br>**Philadelphia, PA 19151**<br>**Plaintiff,** | : | |
| **v.** | : | **14-cv-2814** |
| City of Philadelphia<br>d/b/a Philadelphia Police Department<br>1515 Arch Street<br>Philadelphia, PA 19102, et. al. | : | |

**DEFENDANTS' MEMORANDUM OF LAW**
**IN SUPPORT OF THEIR MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT AND MOTION FOR STAY IN ORDER TO PURSUE OF THE PARTIES' SETTLEMENT AGREEMENT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, Federal Rule 56, defendants move for dismissal of plaintiff's complaint. Plaintiff's claims are barred by *res judicata,* or claim preclusion. Plaintiff fails to allege facts sufficient to state a claim under Title VII and/or the PHRA. Plaintiff fails to allege plausible theories against defendants for NIED and IIED. Plaintiff fails to allege any basis for relief under the FMLA.

## I. STATEMENT OF FACTS

For purposes of this motion, defendants recite the facts contained in plaintiff's complaint. However, as will be discussed below, plaintiff has omitted important facts from the complaint, including her prior-filed lawsuit, C.A. No. 12-cv-3971, and her interaction with the Equal Employment Opportunity Commission on August 19, 2013. In the interest of judicial economy, defendants include those facts as well.

*a. Facts Alleged in Plaintiff's Complaint*

Plaintiff has been a Philadelphia police officer for "about eighteen years." *Compl*. at ¶ 1. She is a resident of Philadelphia, Pa.

In 2010, plaintiff notified the Philadelphia Police Department of possible drug activity near her home. *Id.* at ¶ 16. On or about September 29, 2010, a squad from the Police Department Narcotics Strike Force forcefully entered plaintiff's home. *Id.* at ¶ 17. She complained about the break-in to Lt. James Smith, a commander of the Strike Force. *Id.* at ¶ 18. Lt. Smith asked plaintiff to identify a suspected drug dealer, which, according to plaintiff, placed plaintiff and her daughter in immediate danger. *Id.* at ¶ 19. The following day, plaintiff reported the break-in to her supervisors, Sgt. Colleen Cook and Captain Huey Lynch. *Id.* at ¶ 20. Captain Lynch told plaintiff that the incident would be handled "in house," and also advised plaintiff to take two weeks off from work due to her emotional state. *Id* at ¶ 21. Plaintiff also submitted complaints to Police Internal Affairs and the Employee Assistance Program (EAP). *Id.* at ¶ 22.

Because of plaintiff's complaints about the break-in, she alleges she became a "pariah" within the Police Department. *Id.* at ¶ 23. Plaintiff alleges thirteen different actions that were taken, without specifying dates or years, against her as a result of her complaints. *Id.* at ¶ 23 (a) – (m).

*b. Plaintiff's Prior Lawsuit, C.A. No. 12-cv-3971*

On July 13, 2012, plaintiff filed a civil action, C.A. No. 12-cv-3971, in the U.S. District Court for the Eastern District of Pennsylvania against the City of Philadelphia and several individuals, including Lt. James Smith. *Ex. 1*, attached. The subject of C.A. No. 12-cv-3971 was the "break in" of her home referenced in paragraph 17 of the instant complaint. In C.A. No. 12-cv-3971, plaintiff alleged that she "suffers and continues to suffer pain, psychological harm

and emotional distress." Plaintiff asserted both federal and state law claims, including negligent infliction of emotional distress and intentional infliction of emotional distress.

On September 21, 2012, C.A. No. 12-3971 was dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) and a settlement agreement between the parties. *Ex. 2*, attached. On May 28, 2013, a settlement release was prepared by the City and mailed to plaintiff's attorneys for her signature. The terms of the Agreement provided for a waiver of all actual and/or potential liability accrued as a result of the incidents alleged in her complaint. *Ex. 3*, attached. Plaintiff has not yet returned a signed copy of the agreement to the City.

*c. Plaintiff's Interaction with the EEOC on August 19, 2013*

On August 19, 2013, plaintiff submitted an intake questionnaire to the EEOC, stating that she had been discriminated against on the basis of retaliation. *Ex. 4*, attached. Plaintiff described incidents that were taken against her after she reported "police corruption," some of which appear in the instant complaint. *Id.* at Question No. 5. On September 24, 2013, the EEOC notified plaintiff of its decision to close its file due to plaintiff's failure to state a claim under any of the statutes enforced by the EEOC. *Ex. 5*, attached. Defendants received a copy of this notice. On that same date, the EEOC notified the City of Philadelphia that plaintiff had pursued a charge of discrimination on the basis of Title VII retaliation. *Ex.6*, attached. A portion of the intake questionnaire, filled out by plaintiff, was enclosed with the charge notice that EEOC sent to the City.[1]

## II. LEGAL STANDARD – MOTION TO DISMISS UNDER F.R.C.P. 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the allegations contained in the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). When considering such a

[1] The City initially received only the first two pages of the Questionnaire. A complete copy was later furnished by the EEOC.

motion, the court "accept[s] as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them." Although a court must consider the pleadings as true when evaluating a motion to dismiss, a court need not consider a plaintiff's bare legal conclusions. *Ashcroft v. Iqbal*, 556 U.S 662, 129 S. Ct. 1937, 1949 (2009) (holding that all civil complaints must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

*Iqbal* made clear that legally conclusory pleadings, or pleadings whose factual allegations do no more than establish a possibility of the defendant's liability, should not survive a motion to dismiss. *Id*. The Court also stated that when analyzing the well-pleaded facts of the complaint for motion to dismiss purposes, a court must also look to the claim at hand and determine if the plaintiff's allegations make the likelihood of the defendant's misconduct plausible, not just conceivable. *Id*.

This plausibility standard requires the district court to conduct a two-part analysis of complaints. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). First, courts should separate "the factual and legal elements of a claim, so that while the district court must 'accept all of the complaint's well-pleaded facts as true,' it may "disregard any legal conclusions.'" *Id*. Second, the court must then determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id. (citing Iqbal*, 129 S. Ct. at 1950).

### III. Legal Standard under Federal Rule 56[2]

Summary judgment must be granted when the pleadings, affidavits and discovery materials produce no "genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Lawrence v. National Westminster Bank*, 98 F.3d 61, 65 (3d Cir. 1996). The non-moving party must point to specific evidence of record that demonstrates a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Although the Court must resolve all doubts and consider the evidence in the light most favorable to the opposing party, *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962), the non-movant cannot escape summary judgment by introducing "a mere scintilla of evidence" in her favor, *Sarko v. Penn-Del Directory Co.*, 968 F. Supp. 1026, 1031 (E.D. Pa. 1997) (citation omitted), *aff'd*, 189 F.3d 464 (3d Cir. 1999), or by relying on "conclusory allegations, improbable inferences, and unsupported speculation[.]" *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1251 (1st Cir. 1996); *accord Solt v. Alpo Petfoods, Inc.*, 837 F. Supp. 681 (E.D. Pa. 1993), *aff'd*, 30 F.3d 1488 (3d Cir. 1994). "[W]hen the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party," the moving party is entitled to summary judgment in its favor. *Schoonejongen v. Curtiss-Wright Corp.*, 143 F.3d 120, 129 (3d Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

---

[2] Defendants attach the following documents to the instant motion: (1) C.A. No. 12-cv-3971; (2) the dismissal order issued by the court in C.A. No. 12-cv-3971; (3) the settlement agreement that was sent to the plaintiff; and (4) the administrative record from the EEOC, including the intake questionnaire and notices sent to defendants and plaintiff. "In deciding a motion to dismiss for failure to state a claim, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents. *Mayer v. Belichek,* 605 F.3d 223, 232 (3d Cir. 2010). All of the documents attached by defendants are documents integral to plaintiff's complaint, matters of public record, or documents that are otherwise in the possession of plaintiff and/or her agents. Therefore, the City's motion to dismiss may be decided without being converted into a summary judgment motion. To the extent the court sees fit to convert the motion into one for summary, defendants argue they are entitled to such relief.

## IV. Discussion: Summary of Argument

Plaintiff's complaint is barred by the doctrine of claim preclusion, and therefore, must be dismissed with prejudice. Even if plaintiff's complaint is not barred, plaintiff fails to state a claim upon which relief can be granted. In particular, Counts I-III of plaintiff's complaint should be dismissed because plaintiff failed to exhaust her administrative remedies with respect to her Title VII and PHRA claims. Even if plaintiff had exhausted her administrative remedies, she has failed to plausibly allege a *prima facie* case of retaliation under Title VII and/or the PHRA. Count IV of plaintiff's complaint should be dismissed because plaintiff's claims for NIED and IIED are barred by the Pennsylvania Workers' Compensation Act (WCA). Even if those claims are not barred by the WCA, plaintiff has failed to state a plausible claim under either theory. Finally, Count V should be dismissed because plaintiff has failed to state any basis for violations of her FMLA rights.

### a. *Plaintiff may not file a civil action that has already been dismissed pursuant to a judicially approved settlement agreement.*

As the Third Circuit Court has recognized, "claim preclusion prevents claims between the same parties from being litigated anew after a final judgment has been entered in a previous suit." *Toscano v. Conn. Gen. Life Ins. Co.*, 288 Fed. Appx. 36, 38 (3d Cir. 2008). The doctrine requires a plaintiff to "present in one suit all the claims for relief that [s]he may have arising out of the same transaction or occurrence. *Id.* (*quoting Lubrizol Corp. v. Exxon Corp.*, 929 F. 2d 960, 963 (3d Cir. 1991)). The dismissal of an action pursuant to a settlement agreement between the parties is a final judgment for purposes of claim preclusion. *Gotthelf v. Toyota Motor Sales, Inc.*, 2012 WL 1574301, *11 (D.N.J. 2012). In cases where a settlement agreement triggers a dismissal of an action, the terms of the parties' agreement determines the "bounds of preclusion."

*Toscano,* 288 Fed. Appx. at 38(*citing Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1291 (11th Cir. 2004)).

The instant civil lawsuit overlaps factually enough with C.A. No. 12-3971 to include this lawsuit's claims, and therefore, plaintiff's claims are barred by the doctrine of claim preclusion. In C.A. No. 12-3971 plaintiff asserted claims arising from the "break-in" of her home on September 29, 2010, and the "psychological harm" and "emotional distress" that she continues to suffer as a result of the "break in." In the instant matter, plaintiff alleges the same facts involving the "break in" alleged in her 2012 lawsuit, and further alleges that after reporting the "break in" to her supervisors, she was subject to retaliation. Thus, plaintiff's allegations in the instant lawsuit are either identical to, directly related to, or a mere continuation of the harm that she continues to suffer as a result of the "break in." Her claims, therefore, are within the scope of C.A. No. 12-3971, and, accordingly, were covered by the parties' settlement of that suit.

Pursuant to established case law of this circuit, the court's dismissal of C.A. No. 12-3971 forecloses plaintiff from bringing this action. Plaintiff's failure to sign the settlement release does not affect the finality of the court's dismissal order, or, the enforceability of the settlement agreement. Settlement agreements are interpreted according to principles of state law, which provides that, "where the parties have agreed on the essential terms of a contract, the fact that they intend to formalize their agreement in writing but have not yet done so does not prevent enforcement of such agreement." *Mazzella v. Koken,* 559 Pa. 216, 229 (1999) (*citing Field v. Golden Triangle Broadcasting, Inc.*, 451 Pa. 410, 418 (1973)). *See also Sociedad Comercilizadora v. Quizada,* 434 Pa. Super. 48, 57 (Pa. Super. 1993) (Although "preliminary negotiations do not constitute a contract, where the parties orally agree to all of the terms of a contract between them and mutually expect the imminent drafting of a written contract reflecting

their previous understanding, the oral contract may be enforceable."). Because plaintiff agreed to settle the claims asserted in her 2012 lawsuit, as evidenced by the court's dismissal order of September 21, 2012, plaintiff is bound by the terms of her agreement. The court's dismissal order constitutes a judgment on the merits for purposes of claim preclusion, and, therefore, plaintiff is barred from bring the instant lawsuit. The complaint should be dismissed in its entirety.

Should the court see fit, however, to deny defendants' motion on the basis of claim preclusion, defendants move, in the alternative, for a stay of these proceedings so that they may move for an order to enforce the settlement agreement resolving C.A. No. 12-3971.

b. *Even if plaintiff's complaint is not barred by the settlement of her prior lawsuit, plaintiff's complaint should be dismissed for failure to state a claim under Rule 12(b)(6), or in the alternative Federal Rule 56.*

Plaintiff brings two claims under Title VII (Counts I and II) and one claim under the PHRA (Count III). However, plaintiff failed to exhaust her administrative remedies before filing this lawsuit, and therefore, Counts I-III should be dismissed. Even if plaintiff had exhausted her administrative remedies, she fails to state a claim under Title VII and/or the PHRA. Count IV of plaintiff's complaint should be dismissed because her claims for NIED and IIED are barred by the WCA. Even if they are not barred by the WCA, plaintiff fails to state a plausible claim under either theory. Count V should be dismissed because plaintiff fails to allege any facts to support a basis for relief under the FMLA.

*i. Plaintiff must exhaust her administrative remedies before filing a lawsuit under Title VII.*

In order to bring suit in federal court under Title VII of the 1964 Civil Rights Act, a plaintiff must first exhaust her administrative remedies by filing a charge with the federal Equal Employment Opportunity Commission (EEOC). *Antol v. Perry,* 82 F.3d 1291, 1295 (3d Cir.

1996). This requirement of administrative exhaustion serves valuable goals, such as allowing the EEOC to fulfill its congressionally-mandated role of investigating and resolving employment disputes through such measures as mediation and conciliation. *Id.*

Plaintiff does not allege that she exhausted her administrative remedies, nor does she attach any documents to her complaint evidencing her exhaustion of remedies. In the interest of judicial economy, however, defendants attach to the instant motion documents sent from the EEOC to the City of Philadelphia. Because these documents show that plaintiff failed to exhaust her remedies, plaintiff's Title VII claims, set forth in Counts I and II of her complaint, should be dismissed with prejudice.

a. *Plaintiff's intake questionnaire is not sufficient to exhaust her administrative remedies.*

The Third Circuit Court of Appeals has definitively answered whether a Title VII plaintiff can rely on allegations contained within an intake questionnaire for purposes of administrative exhaustion. In *Barzanty v. Verizon Pa.,* the court held that the plaintiff failed to exhaust her administrative remedies with respect to her Title VII hostile work environment claim, citing her failure to include the allegation in her EEOC charge. 361 Fed. Appx. 411, 414 (3d Cir. 2010). The court rejected the plaintiff's argument that she exhausted the claim by mentioning it in her EEOC intake questionnaire, stating:

> The EEOC Charge Form and the Intake Questionnaire serve different purposes. An Intake Questionnaire facilitates 'pre-charge filing counseling' and allows the commission to determine whether it has jurisdiction to pursue a charge. Moreover, the Intake Questionnaire is not shared with the employer during the pendency of the EEOC investigation. On the other hand, an EEOC Charge Form serves to define the scope of the Commission's investigation and to notify the defendant of the charges against it.

*Id.* at 415 (*citing Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008); 42 U.S.C. § 2000e-5(b). *See also Binder v. PPL Svcs.*, 2009 WL 3738569 at *5 (E.D. Pa 2009) ("[A]llegations set

forth in a questionnaire are insufficient to satisfy the exhaustion requirement. Rather, the allegations must appear in the formal charge signed by the claimant and served on the respondent.") (internal citations omitted).

Although the EEOC affixed a charge number to the intake questionnaire, it is apparent from the administrative record that the questionnaire fulfilled the same purpose described by the court in *Barzanty*. The questionnaire was used by the commission, not as a means to define the scope of its investigation, but rather, to determine whether it had jurisdiction to pursue a charge. The EEOC ultimately decided that it did not have jurisdiction to pursue a charge because the questionnaire did not allege enough facts to raise a cognizable claim under any of the statutes enforced by the EEOC. Therefore, as the intake questionnaire is the only basis upon which plaintiff claims to have exhausted her remedies, plaintiff's claim must be dismissed.[3]

*b. Even if the intake questionnaire could be considered a "charge," it does not satisfy the administrative exhaustion requirement because the facts alleged in the questionnaire were not sufficient to enable the EEOC to investigate and conciliate plaintiff's claims.*

The EEOC dismissed plaintiff's charge without pursuing an investigation due to plaintiff's failure to state a claim under any of the statutes enforced by the EEOC. This court considered a similar issue in *Kozlowski* v. *Extendicare Health Svcs., Inc.*, 2000 WL 193501. There, the plaintiff (Kozlowski) initiated a Title VII lawsuit after receiving a dismissal and

[3] Defendants note that in *Holowecki*, the U.S. Supreme Court considered whether an Intake Questionnaire could be considered a charge in a different context than is presented here – where the Questionnaire is relied upon by the plaintiff to toll the statute of limitations for filing a charge under the ADEA. The Supreme Court held that, under certain circumstances, a questionnaire could constitute a charge for purposes of the ADEA's statute of limitations requirement. In order to do so, the Questionnaire must provide information required by the EEOC's regulations, and the Questionnaire "must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and employee." Defendants are without information sufficient to challenge plaintiff's compliance with the statute of limitations prescribed by Title VII, and therefore, the issue present in *Holowecki* is not presented here. In any event, plaintiff fails to show that she reasonably construed the questionnaire as a request for the agency to take remedial action in light of her acknowledgment on the final page of the questionnaire that the EEOC only accepts charges based on discrimination or retaliation for discrimination.

notice of rights from the EEOC. *Id.* at *1. The EEOC dismissed Kozlowski's charge due to her failure to cooperate with the EEOC's information requests, and, her failure to provide information necessary to allow the agency to investigate her charge. *Id.* at *2. As a result of the EEOC's determination, the district court held that Kozlowski failed to exhaust her administrative remedies. *Id.* at *3. The court reasoned that Kozlowski's failure to cooperate with the EEOC prevented the agency from "even attempting to accomplish, much less actually accomplishing its congressionally-mandated purpose." *Id.* at *2. The court further cautioned that to allow a Title VII plaintiff to bring a federal suit under such circumstances would "emasculate Congressional intent by short circuiting the twin objectives of investigation and conciliation." *Id.*; *see also Wood v. Central Parking Systems of Pa.,* 2000 WL 873310, at *4 (E.D. Pa. 2000); *Gazzero-Langford v. Shinseki*, 2013 WL 125675, **2-3 (E.D. Pa. 2013); *but see Melincoff v. East Norriton Physician Svcs., Inc.* 1998 WL 254971 (holding that plaintiff exhausted remedies regardless of EEOC determination that he failed to cooperate with investigation).

In the instant matter, plaintiff provided the EEOC with even less of an opportunity to fulfill its congressionally-mandated purpose than the *Kozlowski* plaintiff. Plaintiff's intake questionnaire failed to allege facts sufficient to state a claim under any of the statutes enforced by the EEOC, and, in effect, left the agency without a jurisdictional basis to even attempt to investigate plaintiff's claims. On the final page of the questionnaire, plaintiff checked a box to indicate that she was aware that the EEOC "can only accept charges of job discrimination based on race, color, sex, religion, national origin, disability, age, genetic information, or retaliation for discrimination." To allow plaintiff to maintain a Title VII action in federal court without first submitting a charge to the EEOC that it could accept would have the same effect of "short circuiting" the agency's twin objectives of investigation and conciliation that was recognized by

the court in *Kozlowski*. For this reason, plaintiff's EEOC intake questionnaire does not satisfy the administrative exhaustion requirement. Counts I and II of her complaint must be dismissed.

The fact that plaintiff received a "right-to-sue" letter from the EEOC does not change this conclusion. As the court held in *Wood*, "the right-to-sue notice does not constitute judgment on the part of the EEOC that a claimant is entitled to maintain a suit in federal court, [but, rather,] is merely an administrative mechanism through which the EEOC closes its file and advises the claimant that relief, if any, must now be sought in another forum." 2000 WL 873310, *5 (noting disagreement with *Melincoff* in fn. 9). This rationale applies with greater force here. It would make little sense to interpret the EEOC's dismissal notice as a judgment on the agency's part that plaintiff is entitled to maintain a suit in federal court under Title VII, after the EEOC dismissed plaintiff's charge for failure to state a claim under any of the statutes enforced by the agency. Because plaintiff failed to exhaust her administrative remedies with respect to her Title VII claims, Counts I and II of plaintiff's complaint should be dismissed with prejudice.

*c. Even if the intake questionnaire could be considered a charge for purposes of administrative exhaustion, under no set of circumstances does plaintiff's Title VII discrimination claim, Count I, fall within the scope of that "charge."*

In determining whether a plaintiff has exhausted her administrative remedies, the court must look to "whether the acts alleged in the subsequent suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996). To that end, the court should evaluate whether the "core grievances" of the prior filed EEOC charge are the same as those raised in the subsequent federal suit. *Id.* at 1295-1296 (holding that plaintiff failed to exhaust his administrative remedies with respect to his claim of disability discrimination, because his EEOC charge focused only on gender discrimination).

Plaintiff brings two claims under Title VII. She alleges discrimination on the basis of her gender in Count I, and, discrimination on the basis of retaliation in Count II. To the extent that plaintiff's intake questionnaire can be considered a charge, the questionnaire alleges only discrimination on the basis of retaliation, and therefore, Count I has not been administratively exhausted. In response to Question 4 on the questionnaire, plaintiff checked the box to indicate discrimination based on retaliation, despite the clear instruction given to plaintiff to "check all that apply." Furthermore, the substantive content of the questionnaire focuses solely on actions taken against plaintiff after she reported "police corruption." The questionnaire does not have any allegations that suggest plaintiff believed the alleged actions were motivated by animus toward her gender or other Title VII protected characteristics. Moreover, according to the "Charge Notice" sent by the EEOC, the only basis cited by the agency for plaintiff's EEOC claim is retaliation under Title VII of the 1964 Civil Rights Act. Therefore, to the extent plaintiff's questionnaire may be considered a charge for purposes of administrative exhaustion, the core grievance of plaintiff's charge is retaliation under Title VII, not gender discrimination.[4] Count I of plaintiff's complaint should, therefore, be dismissed.

*1. Even if plaintiff's Title VII retaliation claim has been exhausted, she has failed to state a plausible* prima facie *case for Title VII retaliation.*

To establish a *prima facie* case of retaliation, plaintiff must allege: "(1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the

[4] In any event, plaintiff fails to state a claim for gender discrimination under Title VII. In order to do so, plaintiff must allege that that (1) she belongs to a protected class, (2) she was qualified for the position she sought to retain or attain, (3) she was subjected to an adverse employment action, and (4) the action occurred under circumstances giving rise to an inference that the adverse action was taken on account of her membership in the protected class. *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir.2008). Plaintiff alleges that she was subject to adverse actions due to her report of the "break in" that occurred on September 29, 2010, not because of her gender.

adverse employment action." *Nelson v. Upsala Coll.,* 51 F.3d 383, 386 (3d Cir. 1995). Plaintiff must point to an adverse action that occurred after or at the same time as the protected activity. *Woodson v. Scott Paper Co.*, 109 F.3d 913, 920 (3d Cir. 1997). Recently, the Supreme Court, clarified, in *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, that a plaintiff "must establish that his or her protected activity was a 'but-for' cause of the alleged adverse action by the employer." 133 S.Ct. 2517, 2534 (2013). With regard to "protected activity," Title VII protects those who participate in certain Title VII proceedings and those who oppose discrimination made unlawful by Title VII." *Moore,* 461 F.3d at 341. In order to constitute "protected activity," the plaintiff must have an "objectively reasonable" belief that the conduct she complained of actually violates Title VII. *McGhee v. Thomas Jefferson Univ.,* 2013 WL 4663541, *4 (E.D. Pa. 2013). The filing of a facially invalid or frivolous EEOC complaint does not constitute protected activity. *Slagle v. Cnty. of Clarion,* 435 F.3d 262, 267 (3d Cir. 2006).

Plaintiff does not allege that she engaged in activity protected by Title VII. Instead, plaintiff alleges that she was retaliated against after she reported the alleged "break in" of her home on September 29, 2010. Because the conduct complained of has no connection, whatsoever, to conduct that is prohibited by Title VII, plaintiff has not engaged in protected activity, as the term is defined by the statute. *See Daniels v. Sch. Dist. of Phila., – F.Supp. 2d – , at 17 (E.D. Pa. 2013)*. Count II must, therefore, be dismissed.

*ii. Plaintiff likewise failed to exhaust her PHRA claims, set forth in Count III of her complaint.*

The PHRA also requires that a plaintiff exhaust administrative remedies before filing suit for employment discrimination. *Lantz v. Univ. of Pa.*, 1996 WL 442795, *3 (E.D. Pa. 1996); *Schute v. CSX Transpor., Inc.,* 58 F.Supp. 2d 614, 618 (E.D. Pa. 1999). As discussed above,

plaintiff never filed a formal written charge with either the EEOC or PHRC, and therefore, plaintiff failed to exhaust her administrative remedies with respect to her PHRA claims.

Even if plaintiff's EEOC Intake Questionnaire could be considered a charge for purposes of her Title VII claims, it cannot be considered one for purposes of her PHRA claims as there is no indication that plaintiff ever sought to dual-file her charge with the PHRC. Even if plaintiff had dual-filed her EEOC Intake Questionnaire with the PHRC, it nevertheless remains that plaintiff failed to state a claim under the statutes enforced by the PHRC, and therefore, plaintiff failed to exhaust her administrative remedies. *Doe v. Kohn, Nast, & Graf,* 862 F.Supp. 1310, 1323 (E.D. Pa. 1994) ("PHRA was modeled after Title VII"); *Kelly v. Drexel Univ.*, 907 F.Supp. 864, 875 (E.D. Pa. 1994) (PHRA utilizes same analytical framework as that established in Title VII cases). For these reasons, Count III of plaintiff's complaint should be dismissed with prejudice.

*iii. Plaintiff does not state cognizable state law claims for negligent infliction of emotional distress and intentional infliction of emotional distress.*

In Count IV of her complaint, plaintiff asserts claims for negligent and intentional infliction of emotional distress, but fails to identify the elements of either claim, or, the actions by the defendants that she alleges support either claim. In that regard, her complaint is grossly deficient under the pleading standard set forth in *Twombly*, and should be dismissed on that basis alone. In any event, Count IV should be dismissed with prejudice because, under no set of circumstances, does plaintiff's complaint state plausible claims for either NIED or IIED.

As an initial matter, plaintiff's claims for NIED and IIED are foreclosed by the Third Circuit Court's decision in *Matczak v. Frankford Chocolate & Candy Co.*, 136 F.3d 933, 940 (3d Cir. 1997). In that case, the court held that the exclusivity provision of the Pennsylvania Workers' Compensation Act bars claim for NIED and IIED that arise from the employment

relationship. *Id.* at 940. In her complaint, plaintiff makes thirteen different allegations of retaliatory acts taken against her with respect to the terms and conditions of her employment as a Philadelphia Police Officer. Because the harm that plaintiff alleges to have befallen her occurred within the course of her employment as a Philadelphia Police Officer, plaintiff's claims are barred by the WCA.

Even if plaintiff's claims are not barred by the WCA, the allegations in her complaint are not sufficient to state a claim for either NIED or IIED. As this court recognized in *Hershman v. Muhlenburg College*, the Pennsylvania Supreme Court has recognized three types of NIED claims: "1.) when plaintiff suffers a physical injury which causes emotional distress; 2.) plaintiff did not suffer a personal impact but was in the zone of danger; and 3.) plaintiff witnesses an accident causing serious injury to a close family member. 2014 WL 1661210, *2 (E.D. Pa. 2014) (*citing Kazatsky v. King David Mem'l Park, Inc.,* 515 Pa. 183 (1987); *Niederman v. Brodsky,* 436 Pa. 401 (1970); *and Sinn v. Burd,* 486 Pa. 146 (1979)). Plaintiff's complaint does not fall within any of these three categories. She does not allege a physical injury. She does not allege having been placed in a zone of danger. And she does not allege witnessing any accident causing serious injury to a close family member. Her claim for NIED must, therefore, be dismissed.

Plaintiff's claim for IIED also must fail. To establish a claim for IIED, plaintiff must allege "outrageous conduct on the part of the torfeasor." The conduct complained of must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Hoy v. Angelone,* 554 Pa. 134 (1988) (citations omitted). The Third Circuit Court, interpreting Pennsylvania case law, has recognized that it is "extremely rare to find conduct in the

employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." *Cox v. Keyston Carbon,* 861 F.2d 390, 395 (3d Cir. 1988). The allegations in plaintiff's complaint, taken as true, rise nowhere near this incredibly high standard. Plaintiff alleges that, in the four years since she reported the "break in" to her supervisors, a number of actions have been taken against her. But many of these alleged actions are completely frivolous, including, being "improperly sick checked," being asked by her supervisor to "add information" to a report, and being told she did not have permission to use police equipment. Plaintiff's allegations are nowhere near the level of "extreme and outrageous" conduct that she must allege in order to prevail on a claim for IIED. Therefore, Count V must be dismissed.

*iv. Plaintiff alleges no possible basis for violations of her rights under the FMLA.*

Plaintiff baldly asserts in Count V of her complaint that "Defendants inferred with, restrained, and/or denied plaintiff's Family Medical Leave Act rights."[5] Plaintiff, however, does not allege that she ever sought leave pursuant to the FMLA, or, otherwise asserted any of her rights under the FMLA.[6] Therefore, Count V should be dismissed.

**V. Conclusion**

Plaintiff's complaint should be dismissed based on the doctrine of claim preclusion, or in the alternative, defendants move for a stay of these proceeding to move to enforce its settlement agreement with plaintiff. Even if the instant complaint is not barred by claim preclusion,

[5] The elements for an FMLA interference claim are as follows: (1) [Plaintiff] is an eligible employee under the FMLA, (2) defendant is an employer subject to the requirements of the FMLA, (3) [Plaintiff] was entitled to leave under the FMLA, (4) [Plaintiff] gave notice to the defendant of [his] intention to take FMLA leave, and (5) the defendant denied [Plaintiff] the benefits to which [he] was entitled under the FMLA. *Parker v. Hahneman Univ. Hosp.*, 234 F.Supp. 2d 478, 483 (D. N.J. 2002).

[6] Plaintiff alleges that she was sick checked while on medical leave. She does not allege that such medical leave was taken pursuant to the FMLA or that defendants in anyway denied her the benefits she was entitled to under the FMLA.

plaintiff has failed to state a claim for violations of her rights under Title VII and/or the PHRA, for NIED and/or IIED, and for violations of her rights under the FMLA. Therefore, plaintiff's complaint should be dismissed under Federal Rule 12(b)(6), or in the alternative, pursuant to Rule 56.

Dated: June 3, 2014

Respectfully submitted,

CITY OF PHILADELPHIA LAW DEPARTMENT

SHELLEY R. SMITH, City Solicitor
ELIZABETH M. MATTIONI, Chair, Litigation Group
SUZANNE REILLY, Chief Deputy City Solicitor

*/s/ Joshua A. Brand*

By: Joshua A. Brand, Assistant City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215-683-5082
215-683-5099 (Fax)
Joshua.brand@phila.gov

**CERTIFICATE OF SERVICE**

I, Joshua A. Brand, hereby certify that I have this day served defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment, and Motion for Stay upon all parties of record in this proceeding by the court's ECF system.

Matthew Weisberg, Esq.
David Berlin, Esq.
Weisberg Law
7 Morton Avenue
Morton, PA 19070
*Attorney for Plaintiffs*

Dated: June 3, 2014

Respectfully submitted,

*/s/ Joshua A. Brand*
Joshua A. Brand
Assistant City Solicitor