## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Jessica Roseberry                              :
519 N. 63rd St.                     :
Philadelphia, PA 19151                         :
                                               :
                                               :
            Plaintiffs,                        :
                                               :     CIVIL ACTION NO.: 14-2814
        v.                                     :
                                               :
City of Philadelphia                           :
d/b/a Philadelphia Police Department           :
1515 Arch Street                               :
Philadelphia, PA 19102                         :
                                               :
                                               :
        And                                    :
                                               :
                                               :
Charles Ramsey, individually and in his        :
official capacity as Commissioner of the       :
Philadelphia Police Department                 :
One Franklin Square                            :
Philadelphia, PA 19106                         :
                                               :
                                               :
        And                                    :
                                               :
                                               :
Lieutenant James Smith, individually and in :
his official capacity as Lieutenant in the     :
Philadelphia Police Department                 :
One Franklin Square                            :
Philadelphia, PA 19106                         :
                                               :
                                               :
        And                                    :
                                               :
                                               :
Sergeant Colleen Cook, individually and in :
her official capacity as Sergeant in the       :
Philadelphia Police Department                 :
One Franklin Square                            :
Philadelphia, PA 19106                         :
                                               :
                                               :
        And                                    :
                                               :
                                               :
Sergeant Ron Washington, individually and :
in his official capacity as Sergeant in the    :
Philadelphia Police Department                 :
One Franklin Square                            :
Philadelphia, PA 19106                         :

**FILED**

JUL 1 0 2014

**MICHAEL E. KUNZ, Clerk**
**By_____Dep. Clerk**

**JURY TRIAL DEMANDED**

And　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:

Sergeant Tyrell McCoy, individually and in　:
His official capacity as Sergeant in the　　　:
Philadelphia Police Department　　　　　　:
One Franklin Square　　　　　　　　　　　:
Philadelphia, PA 19106　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:

And　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:

Sergeant Aaron Green, individually and in　:
his official capacity as Sergeant　　　　　　:
in the Philadelphia Police Department　　　:
One Franklin Square　　　　　　　　　　　:
Philadelphia, PA 19106　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:

And　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:

Corporal Henry-Jackson, individually and in
her official capacity as Corporal in the　　:
Philadelphia Police Department　　　　　　:
One Franklin Square　　　　　　　　　　　:
Philadelphia, PA 19106　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:

And　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:

Lieutenant Tanya Covington, individually　:
and in her official capacity as Lieutenant in　:
the Philadelphia Police Department　　　　:
One Franklin Square　　　　　　　　　　　:
Philadelphia, PA 19106　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:

And　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:

Lieutenant Joseph McBride, individually　:
and in his official capacity as Lieutenant in　:
the Philadelphia Police Department　　　　:
One Franklin Square　　　　　　　　　　　:
Philadelphia, PA 19106　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:

And　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:

Corporal Sharon Brambrick, individually　:
and in her official capacity as Corporal in　:
the Philadelphia Police Department　　　　:

One Franklin Square                                    :
Philadelphia, PA 19106                                 :
                                                       :
        And                                            :
                                                       :
Sergeant Kirt Miller, individually and in his          :
official capacity as Sergeant in the                   :
Philadelphia Police Department                         :
One Franklin Square                                    :
Philadelphia, PA 19106                                 :
                                                       :
        And                                            :
                                                       :
Captain David Bellamy, individually and in             :
his official capacity as Captain in the                :
Philadelphia Police Department                         :
One Franklin Square                                    :
Philadelphia, PA 19106                                 :
                                                       :
        And                                            :
                                                       :
John Does 1-10                                         :
                              Defendants.              :

## FIRST AMENDED CIVIL ACTION COMPLAINT

1.      Jurisdiction in this Honorable Court is based on a violation of federal law conferred by 28

U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 USC §1367.

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) in that the events

giving rise to Plaintiff's claims occurred in this District.

3.      All conditions precedent as to the below federal causes of action have been satisfied.

(Exh. A).

### I.      Parties

4.      Plaintiff, Jessica Roseberry, is an adult individual, currently residing at the above

captioned address.

5.      Defendant, City of Philadelphia, is a municipality doing business as the Philadelphia Police Department.

6.      Defendant, Charles Ramsey, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Philadelphia Police Department, as well as in his official capacity as Commissioner, acting under color of State law. Upon information and belief, Ramsey is the chief decision maker for the Philadelphia Police Department.

7.      Defendant, James Smith, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Philadelphia Police Department, as well as in his official capacity as Lieutenant, acting under color of State Law.

8.      Defendant, Colleen Cook, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Philadelphia Police Department, as well as in her official capacity as Sergeant, acting under color of State Law.

9.      Defendant, Ron Washington, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Philadelphia Police Department, as well as in his official capacity as Sergeant, acting under color of State Law.

10.     Defendant, Tyrell McCoy, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Philadelphia Police Department, as well as in his official capacity as Sergeant, acting under color of State Law.

11.     Defendant, Aaron Green, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Philadelphia Police Department, as well as in his official capacity as Sergeant, acting under color of State Law.

12.     Defendant, Corporal Henry-Jackson, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Philadelphia Police Department, as well as in her official capacity as Corporal, acting under color of State Law.

13.     Defendant, Tanya Covington, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Philadelphia Police Department, as well as in her official capacity as Lieutenant, acting under color of State Law.

14.     Defendant, Joseph McBride, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Philadelphia Police Department, as well as in his official capacity as Lieutenant, acting under color of State Law.

15.     Defendant, Sharon Brambrick, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Philadelphia Police Department, as well as in his official capacity as Corporal, acting under color of State Law.

16.     Defendant, Kirt Miller, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Philadelphia Police Department, as well as in his official capacity as Sergeant, acting under color of State Law.

17.     Defendant, David Bellamy, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Philadelphia Police Department, as well as in his official capacity as Captain, acting under color of State Law.

## II.     Operative Facts

18.     Plaintiff has been a Philadelphia police officer for about eighteen (18) years.

19.     Around 2010, Plaintiff notified the Philadelphia Police Department that possible drug activity was occurring near her home.

20.     On or about September 29, 2010, a Philadelphia police department narcotics strike force broke into Plaintiff's home around 10 p.m. – without a search warrant, reasonable suspicion, nor probable cause.  Plaintiff was home with her daughter.

21.     Plaintiff immediately complained to the leader of the strike force, Defendant, Lieutenant James Smith, that there was no basis for breaking into her home.

22.     Ignoring Plaintiff's complaints, Smith forced Plaintiff to identify a suspected drug dealer: in front of Plaintiff's home – putting Plaintiff and her daughter in immediate danger.

23.     The next day, Plaintiff met with her supervisors, Defendant, Lieutenant Colleen Cook, and Captain Huey Lynch about the incident, wherein Plaintiff complained that the narcotics unit had committed a felony unlawful breaking and entering by entering her home and placing her family in danger.

24.     Lynch instructed Plaintiff that the incident would be handled "in-house"; and that Plaintiff should take two weeks off because she was "emotional."  Plaintiff was forced to use personal sick time (Plaintiff was entitled to use injured on duty (IOD) time).  A police vehicle was also placed outside of Plaintiff's home for her safety.

25.     Additionally, Plaintiff filed formal complaints with the Philadelphia Police Internal

Affairs unit and the Employee Assistance Program.

26      Soon after the incident (while consoling Plaintiff about the aforementioned break-in)

Cook asked Plaintiff out on a date.  When Plaintiff refused, Cook called Plaintiff a "bitch" and

attempted to obstruct Plaintiff's requests to be transferred.

27.     As a result of Plaintiff opposing her direct superior, Cook's behavior, as well as the

actions of several other officers, Plaintiff became a pariah within the police department and

suffered extensive further discrimination and retaliation.  Defendants' subsequent behavior

included, but was not limited to:

  (a)     Defendants, Cook and Sergeant Ron Washington, repeatedly insinuating that
          Plaintiff was a drug dealer and under investigation when, in fact, Plaintiff was the
          Complainant in the aforementioned Internal Affairs investigation;

  (b)     Washington refusing to write an injury report after Plaintiff was injured by a
          prisoner;

  (c)     Plaintiff reporting harassment and misconduct to other supervisors, Defendants,
          Sergeant Tyrell McCoy, Captain David Bellamy, Corporal Sharon Brambrink,
          Lieutenant McBride, and Lieutenant Tanya Covington, and having that met with
          penalizing actions;

  (d)     Bellamy improperly telling Plaintiff to use her vacation time instead of paid work
          time when using the Employee Assistance Program; also accusing Plaintiff of
          falsifying incident reports;

  (e)     Bellamy improperly having Plaintiff "sick-checked" between the hours of 8 a.m.
          to 8 p.m. – while Plaintiff was on medical leave;

  (f)     Brambrink inventing reasons to discipline Plaintiff for insubordination – such as
          accusing Plaintiff of trying to cash extra paychecks; also pushing Plaintiff and
          calling Plaintiff a "crazy bitch";

  (g)     McCoy placing Plaintiff in danger by not providing Plaintiff with the appropriate
          back-up; Telling Plaintiff that he was ordered to "fuck with" Plaintiff; and
          inventing reasons to discipline Plaintiff for insubordination – such as accusing
          Plaintiff of walking out of roll call;

(h)     Defendant, Sergeant Green, humiliating Plaintiff in front of other officers while instructing Plaintiff to add information Plaintiff had no knowledge of to automobile accident reports;

(i)     Defendant, Sergeant Miller, placing Plaintiff in danger by giving Plaintiff a radio that did not properly function – then refusing Plaintiff's requests for a new radio;

(j)     McBride telling Plaintiff not to complain about Cook and Washington – then calling Plaintiff a "crazy bitch";

(k)     Covington telling Plaintiff that she did not have permission to use police equipment which Plaintiff did have permission and authority to use – then remarking "that bitch thinks she's slick";

(l)     Defendant, Corporal Henry-Jackson, refusing to take Plaintiff's paperwork and then throwing Plaintiff's paperwork in Plaintiff's face; Henry-Jackson also told Plaintiff the City was "coming after her" (insinuating that Plaintiff was under investigation);

28.     On or about July 13, 2012, Plaintiff filed a civil complaint in the Eastern District of Pennsylvania for violations of her civil rights which occurred during the break-in of Plaintiff's home. Docket no.: 12-3971. Plaintiff's civil rights complaint did not state any facts relating to Defendants' discrimination and retaliation after the break-in of Plaintiff's home.

29.     As a result of Plaintiff opposing Defendants' actions which occurred after the break-in, Plaintiff has endured a blatantly hostile work environment.

30.     Defendants' discrimination and retaliation caused Plaintiff to lose significant overtime and sick time wages – which have not been reimbursed.

31.     Plaintiff further suffered injuries including, but not limited to: (1) pain and suffering, including emotional distress and embarrassment; (2) economic loss(es), including lost opportunity(ies); (3) attorneys fees and court costs; and/or (4) such other and further injuries as will be determined in discovery and/or at trial.

###     III.     Causes of Action

### COUNT I

**42 U.S.C.A. § 2000E-2, et seq., AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991**
**[Title VII]**

32.     Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

33.     At all times material, Plaintiff was fully qualified and competently performed the duties

of a Philadelphia police officer.

34.     At all times material, Defendants discriminated against Plaintiff based on gender.

35.     Defendants' reasons for disciplining Plaintiff were a pretext.

36.     Defendants' conduct in disciplining Plaintiff has caused her harm.

**COUNT II**
**42 U.S.C.A. § 2000 E-3(A), AS AMENDED BY THE CIVIL RIGHTS ACT 1991 [Title VII]**

37.     Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

38.     Defendants retaliated against Plaintiff for opposing the aforesaid discrimination and

harassment in the workplace.

39.     Plaintiff suffered harm due to Defendants' conduct.

**COUNT III**
**43 P.S. § 951, et seq. – PENNSYLVANIA HUMAN RELATIONS ACT**

40.     Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

41.     Defendants' discriminatory actions aforesaid also violated the PHRA.

42.     Plaintiff suffered harm due to Defendants' conduct.

**COUNT IV**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/NEGLIGENT**
**INFLICTION OF EMOTIONAL DISTRESS**

43.     Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

44.     Defendants conduct was extreme and outrageous.

45.     Defendants intentionally and/or recklessly caused Plaintiff to suffer severe emotional

distress.

### COUNT V
### 29 U.S.C.A. § 2601 et seq. – FAMILY MEDICAL LEAVE ACT

46.     Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

47.     Defendants interfered with, restrained, and/or denied Plaintiff's Family Medical Leave Act rights.

48.     Plaintiff suffered harm due to Defendants' conduct.

### COUNT VI
### *Monell*

49.     Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

50.     Prior to the events described herein, Defendants developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons within the geographic and jurisdictional limits of City of Philadelphia, which caused violations of Plaintiff's constitutional and other rights.

51.     Specifically, Defendants retaliate against police officers who act as informants or accusers of other police officers.

52.     The above described acts or omissions by Defendants demonstrated a deliberate indifference to the rights of citizens, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

53.     Plaintiff suffered harm due to Defendants' conduct.

### COUNT VII
### TORTIOUS INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP

54.     Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

55.     Defendants' aforementioned conduct constitutes a tortuous interference of the employment agreement and/or collective bargaining agreement, among others, between Plaintiff and the Philadelphia Police Department.

56.     As a direct and proximate result of the aforesaid tortuous interference, Plaintiff has been damaged as set forth above.

## COUNT VIII
## 42 U.S.C. § 1983, 1985 et seq., THROUGH U.S. CONSTITUTION EQUAL PROTECTION AND AMENDMENT XIV

57.     Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

58.     Defendants' actions stated above were committed under color of state law and were violations of Plaintiff's clearly established and well-settled Constitutional and other civil rights.

59.     Defendants retaliated against Plaintiff for acting as an informant or accuser of other police officers.

60.     Defendants conspired to interfere with Plaintiff's civil rights.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in her favor and against Defendants, individually, jointly and/or severally, in an amount in excess of seventy-five thousand dollars ($75,000), plus such other and further relief as this Honorable Court deems necessary and just, plus punitive damages and attorney's fees and costs, and injunctive relief.


**WEISBERG LAW**


/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Jessica Roseberry                                    :
519 N. 63rd St.                                      :
Philadelphia, PA 19151                               :       NO.:   14-2814
                                                     :
                        Plaintiffs,                  :
            v.                                       :
                                                     :
City of Philadelphia                                 :
d/b/a Philadelphia Police Department, et al.         :
1515 Arch Street                                     :
Philadelphia, PA 19102                               :
                                                     :
                        Defendants.                  :

## CERTIFICATE OF SERVICE

I, David A. Berlin, Esquire, hereby certify that on this 3rd day of July, 2014, a true and

correct copy of the foregoing Plaintiff's First Amended Complaint was served via ECF, upon the

following parties:

Joshua A. Brand, Esquire
City of Philadelphia Law Department
1515 Arch Street – 16th Floor
One Parkway Building
Philadelphia, PA 19102

                                        **WEISBERG LAW**


                                        /s/ Matthew B. Weisberg
                                        Matthew B. Weisberg, Esquire
                                        David A. Berlin, Esquire
                                        Attorneys for Plaintiff

# EXHIBIT A

EEOC Form 161 (rev 2/17/06)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Jessica E Roseberry<br>519 N.63rd Street<br>Philadelphia, PA 19151 | From: Equal Employment Opportunity Commission<br>Philadelphia District Office<br>801 Market Street, Suite 1300<br>Philadelphia, PA 19107-3127 |

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2013-03222 | Legal Unit | (215) 440-2828 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ X ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[  ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[  ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[  ]   Your charge was not timely filed with EEOC.   In other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[  ]   The EEOC issues the following determination:   Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.   This does not certify that the respondent is in compliance with the statutes.   No finding is made as to any other issues that might be construed as having been raised by this charge.

[  ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[  ]   Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.   You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.   Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> from your receipt of this Notice**; otherwise, your right to sue based on this charge will be lost.   (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):**   EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.   This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

_____        9/24/13
Spencer H. Lewis, Jr., District Director        *(Date Mailed)*

Enclosure(s)

Information Sheet

cc:   CITY OF PHILADELPHIA POLICE DEPARTMENT
Linda Busillo, Senior Legal Assistant Supervisor, (for Respondent)