UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jessica Roseberry<br>519 N. 63rd St.<br>Philadelphia, PA 19151<br><br>   Plaintiffs,<br> v.<br><br>City of Philadelphia<br>d/b/a Philadelphia Police Department<br>1515 Arch Street<br>Philadelphia, PA 19102<br><br>   And<br><br>Lieutenant James Smith, individually and in his official capacity as Lieutenant in the Philadelphia Police Department<br>One Franklin Square<br>Philadelphia, PA 19106<br><br>   And<br><br>Sergeant Colleen Cook, individually and in her official capacity as Sergeant in the Philadelphia Police Department<br>One Franklin Square<br>Philadelphia, PA 19106<br><br>   And<br><br>Sergeant Ron Washington, individually and inhis official capacity as Sergeant in the Philadelphia Police Department<br>One Franklin Square<br>Philadelphia, PA 19106<br><br>   And<br><br>Sergeant Tyrell McCoy, individually and in His official capacity as Sergeant in the Philadelphia Police Department<br>One Franklin Square<br>Philadelphia, PA 19106 | CIVIL ACTION NO.: 14-2814<br><br><br><br>**JURY TRIAL DEMANDED** |

|  |  |
|---|---|
|  | : |
| And | : |
|  | : |
| Sergeant Aaron Green, individually and in his official capacity as Sergeant in the Philadelphia Police Department One Franklin Square Philadelphia, PA 19106 | : : : : : : |
|  | : |
| And | : |
|  | : |
| CorporalHenry-Jackson, individually and in herofficial capacity as Corporalin the Philadelphia Police Department One Franklin Square Philadelphia, PA 19106 | : : : : : |
|  | : |
| And | : |
|  | : |
| Lieutenant Tanya Covington, individually and in her official capacity as Lieutenant in the Philadelphia Police Department One Franklin Square Philadelphia, PA 19106 | : : : : : |
|  | : |
| And | : |
|  | : |
| Lieutenant Joseph McBride, individually and in hisofficial capacity as Lieutenant in thePhiladelphia Police Department One Franklin Square Philadelphia, PA 19106 | : : : : : |
|  | : |
| And | : |
|  | : |
| Corporal Sharon Brambrick, individually and in her official capacity as Corporal in the Philadelphia Police Department One Franklin Square Philadelphia, PA 19106 | : : : : : |
|  | : |
| And | : |
|  | : |
| Sergeant Kirt Miller, individually and in his official capacity as Sergeant in the Philadelphia Police Department | : : : |

| | |
|---|---|
| One Franklin Square | : |
| Philadelphia, PA 19106 | : |
| | : |
| And | : |
| | : |
| Captain David Bellamy, individually and in | : |
| his official capacity as Captain in the | : |
| Philadelphia Police Department | : |
| One Franklin Square | : |
| Philadelphia, PA 19106 | : |
| | : |
| And | : |
| | : |
| John Does 1-10 | : |
| Defendants. | : |

## SECOND AMENDED CIVIL ACTION COMPLAINT

1.      Jurisdiction in this Honorable Court is based on a violation of federal law conferred by 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 USC §1367.

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) in that the events giving rise to Plaintiff's claims occurred in this District.

   **I.      Parties**

3.      Plaintiff, Jessica Roseberry, is an adult individual, currently residing at the above captioned address.

4.      Defendant, City of Philadelphia, is a municipality doing business as the Philadelphia Police Department.

5.      Defendant, James Smith, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of thePhiladelphia Police Department, as well as in his official capacity asLieutenant, acting under color of State Law.

6.      Defendant, Colleen Cook, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of thePhiladelphia Police Department, as well as in her official capacity asSergeant, acting under color of State Law.

7.      Defendant, Ron Washington, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of thePhiladelphia Police Department, as well as in his official capacity asSergeant, acting under color of State Law.

8.      Defendant, Tyrell McCoy, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of thePhiladelphia Police Department, as well as in his official capacity asSergeant, acting under color of State Law.

9.      Defendant, Aaron Green, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of thePhiladelphia Police Department, as well as in his official capacity asSergeant, acting under color of State Law.

10.     Defendant, CorporalHenry-Jackson, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of thePhiladelphia Police Department, as well as in her official capacity asCorporal, acting under color of State Law.

11.     Defendant, Tanya Covington, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of thePhiladelphia Police Department, as well as in her official capacity asLieutenant, acting under color of State Law.

12. Defendant, Joseph McBride, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of thePhiladelphia Police Department, as well as in his official capacity asLieutenant, acting under color of State Law.

13. Defendant, Sharon Brambrick, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of thePhiladelphia Police Department, as well as in his official capacity asCorporal, acting under color of State Law.

14. Defendant, Kirt Miller, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of thePhiladelphia Police Department, as well as in his official capacity asSergeant, acting under color of State Law.

15. Defendant, David Bellamy, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of thePhiladelphia Police Department, as well as in his official capacity asCaptain, acting under color of State Law.

**II.     Operative Facts**

16. Plaintiff has been a Philadelphia police officer for about eighteen (18) years.

17. Around 2010, Plaintiff notified the Philadelphia Police Department that possible drug activity was occurring near her home.

18. On or about September 29, 2010, a Philadelphia police department narcotics strike force broke into Plaintiff's home around 10 p.m. – without a search warrant, reasonable suspicion, nor probable cause.  Plaintiff was home with her daughter.

19. Plaintiff immediately complained to the leader of the strike force, Defendant, Lieutenant James Smith, that there was no basis for breaking into her home.

20. Ignoring Plaintiff's complaints, Smith forced Plaintiff to identify a suspected drug dealer: in front of Plaintiff's home – putting Plaintiff and her daughter in immediate danger.

21. The next day, Plaintiff met with her supervisors, Defendant, Lieutenant Colleen Cook, and Captain Huey Lynch about the incident, wherein Plaintiff complained that the narcotics unit had committed a felony unlawful breaking and entering by entering her home and placing her family in danger.

22. Lynch instructed Plaintiff that the incident would be handled "in-house"; and that Plaintiff should take two weeks off because she was "emotional." Plaintiff was forced to use personal sick time (Plaintiff was entitled to use injured on duty (IOD) time). A police vehicle was also placed outside of Plaintiff's home for her safety.

23. Additionally, Plaintiff filed formal complaints with the Philadelphia Police Internal Affairs unit and the Employee Assistance Program.

24. On or about July 13, 2012, Plaintiff filed a civil complaint in the Eastern District of Pennsylvania for violations of her civil rights which occurred during the break-in of Plaintiff's home. Civ.A.No. 12-3971.

25. As a result, Plaintiff became a pariah within the police department and suffered extensive further retaliation – which is ongoing. Defendants' subsequent behavior included, but was not limited to:

    (a) Defendants, Cook and Sergeant Ron Washington, repeatedly insinuating that Plaintiff was a drug dealer and under investigation when, in fact, Plaintiff was the Complainant in the aforementioned Internal Affairs investigation;

    (b) Washington refusing to write an injury report after Plaintiff was injured by a prisoner;

    (c) Plaintiff reporting harassment and misconduct to other supervisors, Defendants, Sergeant Tyrell McCoy, Captain David Bellamy, Corporal Sharon Brambrink,

                Lieutenant McBride, and Lieutenant Tanya Covington, and having that met with penalizing actions;

(d)      Bellamy improperly telling Plaintiff to use her vacation time instead of paid work time when using the Employee Assistance Program; also accusing Plaintiff of falsifying incident reports;

(e)      Bellamy improperly having Plaintiff "sick-checked" between the hours of 8 a.m. to 8 p.m. – while Plaintiff was on medical leave;

(f)      Brambrink inventing reasons to discipline Plaintiff for insubordination – such as accusing Plaintiff of trying to cash extra paychecks; also pushing Plaintiff and calling Plaintiff a "crazy bitch";

(g)      McCoy placing Plaintiff in danger by not providing Plaintiff with the appropriate back-up; Telling Plaintiff that he was ordered to "fuck with" Plaintiff; and inventing reasons to discipline Plaintiff for insubordination – such as accusing Plaintiff of walking out of roll call;

(h)      Defendant, Sergeant Green, humiliating Plaintiff in front of other officers while instructing Plaintiff to add information Plaintiff had no knowledge of to automobile accident reports;

(i)      Defendant, Sergeant Miller, placing Plaintiff in danger by giving Plaintiff a radio that did not properly function – then refusing Plaintiff's requests for a new radio;

(j)      McBride telling Plaintiff not to complain about Cook and Washington – then calling Plaintiff a "crazy bitch";

(k)      Covington telling Plaintiff that she did not have permission to use police equipment which Plaintiff did have permission and authority to use – then remarking "that bitch thinks she's slick";

(l)      Defendant, CorporalHenry-Jackson, refusing to take Plaintiff's paperwork and then throwing Plaintiff's paperwork in Plaintiff's face; Henry-Jackson also told Plaintiff the City was "coming after her" (insinuating that Plaintiff was under investigation);

(m)      Cook calling Plaintiff a "bitch" and obstructing her requests to be transferred.

26.    As a result of Plaintiff opposing Defendants' actions which occurred after the break-in, Plaintiff has endured a blatantly retaliatory work environment.

27. Plaintiff further suffered injuries including, but not limited to: (1) pain and suffering, including emotional distress and embarrassment; (2) economic loss(es), including lost opportunity(ies); (3) attorneys fees and court costs; and/or (4) such other and further injuries as will be determined in discovery and/or at trial.

### III. Causes of Action

**COUNT I**
**42 U.S.C. §1983**
**FIRST AMENDMENT VIOLATION &** *Monell*: **Rights of Speech to Petition**

29. Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

30. Plaintiff engaged in a protected activity; the government responded with retaliation; and the protected activity was the cause of the retaliation.

31. Plaintiff was retaliated against for acting as a an informant, whistleblower, and/or accuser of other police officers.

32. Defendants caused Plaintiff to suffer retaliation by their wrongful conduct all in violation of the First Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq.

33. Prior to the events described herein, Defendants developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons within the geographic and jurisdictional limits of City of Philadelphia, which caused violations of Plaintiff's constitutional and other rights.

34. Specifically, Defendants retaliate against police officers who act as informants, whistleblowers or accusers of other police officers.

35.     The above described acts or omissions by Defendants demonstrated a deliberate indifference to the rights of citizens, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

36.     Plaintiff suffered harm due to Defendants' conduct.

## COUNT II
## CONSPIRACY TO VIOLATE CIVIL RIGHTS

37.     As set forth above (incorporated by reference), in concert and conspiracy, Defendants retaliated against Plaintiff for acting as an informant, whistleblower or accuser of other police officers.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in her favor and against Defendants, individually, jointly and/or severally, in an amount in excess of seventy-five thousand dollars ($75,000), plus such other and further relief as this Honorable Court deems necessary and just, plus punitive damages and attorney's fees and costs, and injunctive relief.

WEISBERG LAW

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
Attorneys for Plaintiff