UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jessica Roseberry | : | |
| 519 N. 63rd St. | : | |
| Philadelphia, PA 19151 | : | NO.: 14-2814 |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| City of Philadelphia | : | |
| d/b/a Philadelphia Police Department, et al. | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102 | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' STATEMENT OF MATERIAL FACTS**

Plaintiff, Jessica Roseberry by and through her undersigned attorneys, Weisberg Law, hereby files the following response in opposition to the Defendants' Statement of Material Facts, and in support thereof, avers as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Denied. Plaintiff testified that she did interact with Defendant, Branbrink. (Plaintiff's deposition, 135:5 (Defendants' Exhibit 8)). Brambrink inventing reasons to discipline Plaintiff for insubordination – such as accusing Plaintiff of trying to cash extra paychecks; also pushing Plaintiff and calling Plaintiff a "crazy bitch"; Brambrink's actions are ongoing and occurred after Plaintiff's 2012 lawsuit; Id. at 134:6; 172:11; 175:2.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Denied. Plaintiff testified that she did interact with Defendant, Branbrink. (Plaintiff's deposition, 135:5). Brambrink inventing reasons to discipline Plaintiff for insubordination – such as accusing Plaintiff of trying to cash extra paychecks; also pushing Plaintiff and calling Plaintiff a "crazy bitch"; Brambrink's actions are ongoing and occurred after Plaintiff's 2012 lawsuit; Id. at 134:6; 172:11; 175:2.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Denied as stated. Counseling memos are used to substantiate future discipline.

35. Denied as stated. Counseling memos are used to substantiate future discipline.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted. By way of further answer, Plaintiff reported the possible drug activity to the narcotics enforcement and the strike force. (Plaintiff's deposition, 51:14).

43. Admitted.

44. Admitted.

45. Admitted.

46. Admitted.

47. Admitted.

48. Admitted.

49. Admitted.

50. Admitted.

51. Admitted.  By way of further answer, Plaintiff did not want to identify a suspected drug dealer: in front of Plaintiff's home – putting Plaintiff and her daughter in immediate danger. (Plaintiff's deposition, 66:10).

52. Admitted.

53. Admitted.

54. Admitted.

55. Admitted.

56. Admitted.

57. Admitted.

58. Admitted.

59. Admitted.

60. Admitted.

61. Admitted.

62. Admitted.

63. Admitted.

64. Denied.  Plaintiff does not recall who else she told about her internal affairs complaint in October of 2010.  (Plaintiff's deposition, 94:5).

65. Admitted.

66. Admitted.

67. Admitted.

68. Objection. Denied. This is a statement of law to which no response is required. Plaintiff is not an attorney and should not be expected to identify what is "protected activity."

   Notwithstanding, the complaint to Internal Affairs was protected activity.

69. Admitted.

70 Admitted.

71. Admitted.

72. Denied. Plaintiff testified that she did not know the consequences of Lt. Smith calling her district. (Plaintiff's deposition, 255:8).

73. Admitted.

74. Admitted.

75. Admitted.

76. Admitted.

77. Admitted.

78. Admitted.

79. Admitted.

80. Admitted.

81. Admitted.

82. Objection. Denied. This is a statement of law to which no response is required. Plaintiff is not an attorney and should not be expected to identify what is "protected activity."

   Notwithstanding, the complaint to Internal Affairs was protected activity.

83. Admitted.

84. Admitted.

85. Objection. Denied. This is a statement of law to which no response is required. Plaintiff is not an attorney and should not be expected to identify what is "protected activity."

Notwithstanding, the complaint to Internal Affairs was protected activity.

86. Admitted.

87. Admitted.

88. Admitted.

89. Admitted.

90. Admitted.

91. Admitted.

92. Admitted.

93. Admitted.

94. Objection. Denied. This is a statement of law to which no response is required. Plaintiff is not an attorney and should not be expected to identify what is "protected activity."

Notwithstanding, the complaint to EAP was protected activity.

95. Admitted in part, denied in part. It is admitted that Plaintiff was retaliated against for complaining about the break-in of her home in 2010. It is denied that this is the only reason Plaintiff experienced retaliation. Plaintiff filed a lawsuit in 2012. Civ.A.No. 12-3971. Plaintiff then filed multiple subsequent complaints, including:

Plaintiff complained about Green's actions in October 2012. (Defendants' Exh. 31).

Plaintiff complained about Brambrink, Henry-Jackson, Green, Covington, Miller, Bellamy and McCoy in 2014. (Defendants' Exh. 32).

96. Denied. Plaintiff testified that Cook called Plaintiff a "bitch" on many occasions. (Plaintiff's deposition, 199:22). Cook also took adverse employment action against Plaintiff by attempting to obstruct Plaintiff's transfer. Id.

97. Admitted.

98. Admitted.

99. Admitted.

100. Admitted.

101. Admitted.

102. Admitted.

103. Admitted.

104. Admitted.

105. Admitted.

106. Admitted.

107. Admitted.

108. Admitted.

109. Objection. Denied. This is a statement of law to which no response is required. Plaintiff is not an attorney and should not be expected to identify how Covington "violated her civil rights."

Notwithstanding, Covington did violate the First Amendment when he retaliated against Plaintiff for voicing a public concern – as more fully explained in Plaintiff's attached memorandum of law.

110. Admitted.

111. Admitted.

112.	Admitted.

113.	Admitted.

114.	Denied. McCoy's retaliation included: Placing Plaintiff in danger by not providing Plaintiff with the appropriate back-up; telling Plaintiff that he was ordered to "fuck with" Plaintiff; inventing reasons to discipline Plaintiff for insubordination – such as accusing Plaintiff of walking out of roll call; and not responding to Plaintiff's complaints about not receiving a working radio; McCoy's actions occurred after Plaintiff's 2012 lawsuit. Id. at 175:17; 181:23; 187:13; 278:12.

115.	Admitted.

116.	Admitted.

117.	Admitted.

118.	Admitted.

119.	Admitted.

120.	Denied. Miller refused Plaintiff's requests for a new radio. Id. at 186:21-188-21.

121.	Admitted.

122.	Admitted.

123.	Plaintiff respectfully request withdrawal of her *Monell* claim.

124-126.	Plaintiff respectfully request withdrawal of her Conspiracy 1985 claim.

127.	Denied. After the 2012 lawsuit, Defendants' subjected Plaintiff to multiple adverse employment actions. (See ¶3, Plaintiff's Statement of Material Facts).

128.	Admitted.

129-134.	Plaintiff respectfully request withdrawal of her Conspiracy 1985 claim.

**WEISBERG LAW**

                                                  /s/ Matthew B. Weisberg
                                                  Matthew B. Weisberg, Esquire
                                                  David A. Berlin, Esquire
                                                  Attorneys for Plaintiff

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS

1. Plaintiff has been a Philadelphia police officer for about eighteen (18) years. (Second Amended Complaint ["2AC"], ¶16).

2. In 2010, Plaintiff reported possible drug activity to the narcotics enforcement and the strike force. (Plaintiff's deposition, 51:14).

3. On September 29, 2010, a Philadelphia Police Department narcotics strike force broke into Plaintiff's home around 10 p.m. – without a search warrant, reasonable suspicion, nor probable cause. Plaintiff was home with her daughter. (2AC, ¶18).

4. Plaintiff immediately complained to the leader of the strike force, Lieutenant James Smith, that there was no basis for breaking into her home. (Plaintiff's deposition, 64:10) (2AC, ¶19).

5. Ignoring Plaintiff's complaints, Smith forced Plaintiff to identify a suspected drug dealer: in front of Plaintiff's home – putting Plaintiff and her daughter in immediate danger. (Plaintiff's deposition, 55:9) (2AC, ¶20).

6. Plaintiff filed a complaint with Internal Affairs about the search of her home. (Plaintiff's deposition, 84:9).

7. On July 13, 2012, Plaintiff filed a civil complaint in the Eastern District of Pennsylvania for violations of her civil rights which occurred during the break-in of Plaintiff's home. Civ.A.No. 12-3971.

8. After the 2012 lawsuit, Defendants' subjected Plaintiff to multiple adverse employment actions, including:

    (a) Bellamy improperly telling Plaintiff to use her vacation time instead of paid work time when using the Employee Assistance Program; Bellamy also did nothing about Plaintiff's complaint regarding Sergeant Green in October 2012 (soon after

        Plaintiff filed her July 2012 lawsuit).  (Plaintiff's deposition, 144:17; Defendants' Exh. 31).

  (b)    Brambrink inventing reasons to discipline Plaintiff for insubordination – such as accusing Plaintiff of trying to cash extra paychecks; also pushing Plaintiff and calling Plaintiff a "crazy bitch";  Brambrink's actions are ongoing and occurred after Plaintiff's 2012 lawsuit; Id. at 134:6; 172:11; 175:2.

  (c)    McCoy placing Plaintiff in danger by not providing Plaintiff with the appropriate back-up; telling Plaintiff that he was ordered to "fuck with" Plaintiff; inventing reasons to discipline Plaintiff for insubordination – such as accusing Plaintiff of walking out of roll call; and not responding to Plaintiff's complaints about not receiving a working radio; McCoy's actions occurred after Plaintiff's 2012 lawsuit;  Id. at 175:17; 181:23; 187:13; 278:12.

  (d)    Defendant, Sergeant Green, humiliating Plaintiff in front of other officers while instructing Plaintiff to add information Plaintiff had no knowledge of to automobile accident reports; Plaintiff complained about Green's actions in October 2012.  Id. at 183:6-16; 185:1; Defendants' Exh. 31.

  (e)    Defendant, Sergeant Miller, placing Plaintiff in danger by giving Plaintiff a radio that did not properly function – then refusing Plaintiff's requests for a new radio; Id. at 186:21-188-21.

  (f)    Covington telling Plaintiff that she did not have permission to use police equipment which Plaintiff did have permission and authority to use – then remarking "that bitch thinks she's slick"; Covington also Id. at 191:18; 194:3.

  (g)    Defendant, Corporal Henry-Jackson, refusing to take Plaintiff's paperwork and then throwing Plaintiff's paperwork in Plaintiff's face; Henry-Jackson also told Plaintiff the City was "coming after her" (insinuating that Plaintiff was under investigation); Id. at 194:11; 198:13.

9.    Plaintiff complained about Brambrink, Henry-Jackson, Green, Covington, Miller, Bellamy and McCoy in 2014.  (Defendants' Exh. 32).

10.    As a result of the aforesaid, Plaintiff suffered emotional distress including post traumatic stress disorder, depression, anxiety attacks, and insomnia.  Plaintiff was treated by Dr. Dikun and Dr. Waples.  (Plaintiff's deposition, 303:4; 309:7).

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
Attorneys for Plaintiff